## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### CARROLL v. CITY OF LYNCHBURG.

#### APRIL 26th, 1888.

MUNICIPAL ORDINANCES—*Buildings—Case at bar.*—A city ordinance forbids any person to erect any building outside the fire limits and within thirty feet of any building not his own, except of such materials as are allowed for buildings inside said limits. C. added a story to a house out of prohibited material:

HELD:

He violated the ordinance.

Error to judgment of corporation court of city of Lynchburg, entered January 15th, 1887, affirming a judgment of the mayor of said city rendered November 15th, 1886, against John W. Carroll, the plaintiff in error, finding him guilty of violating section 4, amended chapter of the ordinances of said city. Opinion states the case.

*W. V. Wilson, Jr.,* for the plaintiff in error.

*Kirkpatrick & Blackford,* for the defendant in error.

LACY, J., delivered the opinion of the court.

The plaintiff in error was summoned before the mayor, and fined for building a wooden building outside of the fire limits within the city of Lynchburg, in violation of the fourth section of the ordinance of the city, which provides as follows:

"(4) No person shall erect any building in that portion of the city outside of the fire limits, and within thirty feet of any building not his own property, except of such materials as are allowed for buildings within said limits." The plaintiff in error constructed an addition of another story to a house already built of materials prohibited by the ordinance for the construction of a building; but he insists that as the charter provides that "no person shall erect, or cause to be erected, any building, unless the walls be composed entirely of brick," etc., the law must be strictly construed, because it is a penal statute, and "no one is to be brought within the penalty of the act who is not within the plain meaning of the words;" and "if this strict construction is placed upon this law, it is as much at variance with reason to say that the addition to said building constitutes 'the erection of a building,' as it would be to say a new roof or porch was a building in itself." The corporation court was not able to perceive the substance in this shadow of an argument, and in this there is no error; for there is no difference in the meaning of the word "erect" when applied to a whole building, and when applied to a part of a building. In both cases it means "to build." And this is recognized and provided for in the law in question. The second section of the ordinance, referring to the fire limits, provides: "(2) No person shall erect, or cause to be erected, within the fire limits as hereinbefore defined, any building or buildings, or any addition to an existing building, unless the walls thereof are composed entirely of brick, stone, mortar, iron, or other incombustible material, and the roof or roofs thereof covered with slate, tile, metal, or other material which shall be deemed fire proof: provided that a wooden building, or a wooden addition to an existing building, costing fifty dollars or less, may be erected upon the rear of any property, provided a special permit is first obtained in the manner hereinafter set forth. But no shingle roof shall be put on any building within the fire limits either in repairing an old or constructing a new one."

The wooden building of the plaintiff in error was erected before the passage of the ordinance of March 5, 1886, concerning wooden buildings outside the fire limits, cited above as "section 4;" and concerning this there is no provision and no contention here; but since the passage of the said ordinance, the plaintiff has erected another story to this building of the prohibited material, wood.   This was as much a violation of the ordinance as if the new building had been on the ground, instead of on the top of another building, or by the side of another building; and the corporation court having so held, we think there was no error in the said judgment, which is affirmed.

JUDGMENT AFFIRMED.