# Foods First, Inc.

### v.

# Gables Associates, et al.

Record No. 911176

June 5, 1992

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, Keenan, JJ.,
and Cochran, Retired Justice

*Clifford L. Harrison (Daniel D. Hamrick; Stone, Hamrick, Harrison & Turk*, on briefs), for appellant.

*Steven C. McCallum (McGuire, Woods, Battle & Boothe)*, for appellee Harris Teeter, Inc.

(James L. Hutton; Todd G. Patrick; Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for appellee Gables Associates.

JUSTICE KEENAN delivered the opinion of the Court.

In this appeal, we decide whether the trial court properly construed a restrictive covenant in a lease.

Foods First, Inc. (Foods First) owns and operates a supermarket which occupies approximately 15,000 square feet in Gables Shopping Center in Blacksburg. This retail space was previously occupied by Great Atlantic and Pacific Tea Company, Inc. (A & P), which assigned its lease to Foods First.

The original lease between A & P and Gables Associates (Gables), the owner of the shopping center, contained the following provision:

> The Lessor obligates himself not to lease, rent or permit to be occupied as a super market, grocery store, meat market or produce store any property in said Shopping Center or any property owned by him within 500 feet of said Center until said Center is developed to the extent of 100,000 square feet of building area. It is further agreed that in the event of such development Lessor will not erect such other building to be occupied by super market, grocery store, meat market or produce store in excess of the number of square feet in building occupied by A & P.

Gables later entered into a lease and addendum with Foods First which incorporated this restrictive covenant.

It is not disputed that Gables Shopping Center exceeded 100,000 square feet of developed area at the time Gables entered into a contract with Harris Teeter, Inc. (Harris Teeter) for the lease of approximately 29,500 square feet of building space to be used as a grocery store. Gables' lease with Harris Teeter provided that Gables would renovate the premises formerly occupied by Leggett Department Store. The lease contemplated that $1.1 million in renovations would be required in order to convert the former department store into a grocery store.

Foods First filed a bill of complaint seeking injunctive relief and money damages against Gables and Harris Teeter, alleging that their lease violated the restrictive covenant contained in Foods First's lease with Gables. In a bench trial, the court determined that the restrictive covenant did not prevent Gables from substantially remodeling the department store for use as a grocery store. Based on its interpretation of the restrictive covenant, the trial court dismissed Foods First's bill of complaint. This appeal followed.

Foods First argues that the plain meaning of the restrictive covenant reflects the intent to prevent a larger grocery store from occupying a building in the shopping center. Specifically, it contends that the word ''erect,'' as used in the second sentence of the disputed provision, includes the remodeling of a building for a completely different use. We disagree.

■ A restrictive covenant is not favored, and it will be construed strictly against the party seeking to enforce it. *Hening* v. *Maynard*, 227 Va. 113, 117, 313 S.E.2d 379, 381 (1984). The party seeking to enforce the restriction has the burden of proving that it applies to the act of which he complains. *Id.*; *Mid-State Equipment Co.* v. *Bell*, 217 Va. 133, 140, 225 S.E.2d 877, 884 (1976).

■ Where the terms of an agreement are clear and unambiguous, it is the duty of the court to construe them as written. *See Richmond Inc.* v. *Ewing's Sons*, 200 Va. 593, 596, 106 S.E.2d 595, 597 (1959); *Krikorian* v. *Dailey*, 171 Va. 16, 24, 197 S.E. 442, 446 (1938). The language employed by the parties will be interpreted in accordance with its plain meaning. *Amos* v. *Coffey*, 228 Va. 88, 92, 320 S.E.2d 335, 337 (1984); *Berry* v. *Klinger*, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983).

The plain language of the provision before us imposed two different restrictions upon Gables' ability to lease the property. First, prior to the shopping center being developed to 100,000 square feet of

building space, Gables was prohibited from allowing any supermarket, grocery store, or produce or meat market to occupy the premises or any other site within 500 feet of the shopping center. Second, after the shopping center reached 100,000 square feet of building space, Gables was prohibited from erecting another building to be occupied for any such purposes if the square footage of that building would exceed the square footage of the building occupied by A & P.

We agree with the trial court's observation that the first sentence of the restrictive covenant expressly prohibited Gables from allowing the occupancy by any of the above-mentioned enterprises, irrespective of the square footage they would use. In contrast, the second sentence restricted occupancy by such enterprises only where Gables erected a building for their use which contained greater square footage than that of the building occupied by A & P.

In interpreting the second sentence of the restrictive covenant, the trial court held that "erect" meant construct. The court further ruled that this definition did not include the present remodeling of a building constructed many years earlier.

The meaning of the word "erect" was previously considered by this Court in *Carroll* v. *City of Lynchburg*, 84 Va. 803, 6 S.E. 133 (1888). There, the word was examined in the context of a city ordinance which prohibited any person from erecting a building that did not meet certain requirements of the ordinance.* In reviewing this provision, this Court held that "erect" plainly meant "to build." 84 Va. at 804, 6 S.E. at 134.

In construing the restrictive covenant before us in accordance with this definition, we hold that the erection of a building does not include the interior remodeling of an existing structure. If the parties had intended that interior remodeling be governed by the restrictive covenant, they could have so specified. Courts are not permitted to write a new contract for the parties when it appears that the use of different language might have been appropriate. *Lerner* v. *The Gudelsky Co.*, 230 Va. 124, 132, 334 S.E.2d 579, 584 (1985).

---

* The ordinance at issue in *Carroll* provided that "[n]o person shall erect any building in that portion of the city outside of the fire limits, and within thirty feet of any building not his own property, except of such materials as are allowed for buildings within said limits." 84 Va. at 803-04, 6 S.E. at 133.

For these reasons, we will affirm the trial court's dismissal of Foods First's bill of complaint.

*Affirmed.*