## CIRCUIT COURT OF LOUDOUN COUNTY

Scott A. Martin
and Cynthia B. Martin

v.

Ashburn Farm Association

Case No. (Chancery) 17929

Thomas Michael Pugh
and Christa Miller Pugh

v.

Ashburn Farm Association

Case No. (Chancery) 17928

February 5, 1998

BY JUDGE THOMAS D. HORNE

This case came to be heard on the Bills of Complaint, Answers, joint stipulations, and argument of counsel. The Court finds that the issues to be addressed in these similar cases are ripe for adjudication. Accordingly, for the reasons stated herein, the Court will grant declaratory and injunctive relief to the Complainants.

Complainants in each of these cases seek to have this Court declare that they have a right to the use of the common area for parking on a basis equal with that of other lot owners in Blocks 4A and 4B of Section 9 of the Ashburn Farm subdivision. In addition, they request both temporary and permanent injunctive relief in order to prohibit the Ashburn Farm Association from implementing and enforcing parking policy which is the product of an *ultra*

*vires* action by the Board. In adopting such a policy, they assert the Board violated the governing Declaration and Supplementary Declarations.

As "owners" within the contemplation of the Declarations, Complainants are entitled to the use and enjoyment of common areas and neighborhood common areas within the subdivision. The Declaration states that such use and enjoyment by the Complainants shall be on terms equal to those of other owners. Additionally, they provide that within their respective neighborhoods, the Complainants shall have a nonexclusive right to the use and enjoyment of specified neighborhood common areas. While the Association has the power to establish rules and regulations for the use of the common areas, it is prohibited from licensing portions of the common area except on a uniform, non-preferential basis.

Defendant asserts that the Parking Enforcement Policy is the product of a proper exercise of its power to regulate. They trace the origins of such authority to the Declaration, Supplemental Declaration, and statute. § 55-513(A), Code of Virginia. Complainants assert, and the Court finds, that the actions of the Board of Trustees is violative of the Declaration. In granting two reserved common area parking spaces to owners who, unlike the Complainants, do not own a garage or driveway, the Defendant has granted a privilege or license to such other owners in violation of the express terms of the Declaration. The provisions that would grant to the Board the power to promulgate rules and regulations, including the assignment of parking spaces within such neighborhood common areas, does extend the power of the Board to make such assignment other than in a manner which will avoid a preference and ensure equal use and enjoyment.

Accordingly, the Court will declare so much of the Parking Enforcement Policy as provides a preference to town home owners without a garage or driveway to park within the common area to be invalid and unenforceable and that Complainants have a right to the use of the common area on a basis of equality with other unit owners. The Court will enjoin the Ashburn Farm Association from further enforcement of its Parking Policy as has been declared by the Court to be void and unenforceable.