## CIRCUIT COURT OF FAIRFAX COUNTY

Williams et al.

v.

Norman G. Cohen, Inc.

August 25, 1998

Case No. (Chancery) 150664

BY JUDGE JONATHAN C. THACHER

This case is before the Court on Complainants' Motion for Partial Summary Judgment. The Court has considered the written and oral arguments of counsel and the relevant authorities. For the reasons set forth in this opinion letter, Complainants' Motion for Partial Summary Judgment is denied.

### I. *Facts*

Complainants were co-guarantors of an industrial revenue bond and note on behalf of Prime Contractors, Inc. ("Prime"). Prime defaulted on the loan and filed for bankruptcy. Crestar subsequently sued the Complainants and their co-guarantors for the outstanding balance on the loan. The guarantors and Crestar entered into a settlement agreement on January 16, 1992. The parties modified the settlement by letter agreement on May 15, 1992. Under the terms of the modification, Crestar delayed entry of the judgment pending the sale of the property that served as security for the loan and limited its claim against Prime (being asserted simultaneously in Bankruptcy Court) to a cap of $850,000.00. In return, the guarantors dismissed their pending litigation against Crestar.

On August 17, 1992, pursuant to the letter agreement, consent judgments against the Complainants were entered in the U. S. District Court for the District of Maryland and later docketed in Fairfax County. On May 1, 1995, Norman G. Cohen, Inc. ("NGCI") purchased the loan and judgments from Crestar. On November 25, 1995, the real property that served as security for

the loan was finally sold, and Defendant NGCI received all $762,516.13 of the net proceeds from the sale. NGCI contended that since the balance on the loan greatly exceeded $850,000.00, Complainants would not receive credit for the sale toward the $850,000.00 cap and demanded additional payment of over $539,000.00. Complainants filed this suit, alleging NGCI did not properly apply the sale proceeds pursuant to the May 15, 1992, letter agreement.

NGCI claims that the $850,000.00 cap on Crestar's bankruptcy claim against Prime does not affect the Complainants' underlying guarantee obligation. In support of its claim, NGCI cites the original Guaranty Agreement which states in Paragraph 4 that the guarantors' obligations shall not be modified by the settlement, waiver, or release of Prime's obligations. As a result, NGCI claims that even if it caps its liability to Prime, NGCI can still go after the guarantors for the full amount of the loan, plus interest.

## II. *Analysis*

The law respecting contract interpretation is well settled. Where terms of an agreement are unambiguous, it is the duty of the court to interpret the language in accordance with its plain meaning. *Foods First, Inc. v. Gables Assocs.*, 244 Va. 180, 182 (1992). A contract term is not ambiguous merely because the parties disagree as to the term's meaning. *Ross v. Craw*, 231 Va. 206, 212-13 (1986). "Consequently, if such contractual language is unambiguous, and here both parties agree that it is, we do not apply rules of construction or interpretation; we simply give the language its plain meaning." *Seone v. Drug Emporium*, 249 Va. 469, 475 (1995). Thus, "commercially reasonable" considerations are immaterial in interpreting unambiguous provisions. *Id.* In addition, the law will not insert by construction an exception or condition that the parties omitted by design or neglect. *Bridgestone/Firestone, Inc. v. Prince William Square Assocs.*, 240 Va. 402, 407 (1995). Courts are bound to say that the parties intended what the written instrument plainly declares. *Seone*, 249 Va. at 475; *Brooks v. Branston*, 248 Va. 197, 203-204 (1994). In short, a court must construe the words as written and not make a new contract for the parties.

The May 15, 1992, letter agreement between Crestar and the Guarantors states in Paragraph 3 that Crestar "agrees that its claim against Delaware Prime Contractors now being asserted in Bankruptcy Court will be limited to a cap of $850,000.00." Since this language is unambiguous, it is the duty of this court to determine the agreement's plain meaning. This provision clearly limits Crestar's recovery against Prime in the bankruptcy litigation to $850,000.00. However, under Paragraph 4 of the parties' original Guaranty Agreement,

Crestar's modification or waiver of its liability with Prime does not affect the liability of the Guarantors. Therefore, even though Prime's liability to NGCI is capped, under the terms of the original Guaranty Agreement, the guarantors are still liable for the full amount of the unpaid balance of the loan. Although Complainants may not have signed the agreement if they knew this was the result of the $850,000 cap, the Court "will not insert by construction an exception or condition that the parties omitted by design or neglect." *Bridgestone/Firestone, Inc. v. Prince William Square Assocs.*, 240 Va. 402, 407 (1995).

For the reasons discussed above, Complainant's Motion for Summary Judgment is denied.