# CIRCUIT COURT OF FAIRFAX COUNTY

Dye et al.

v.

Sully Station II
Community Association, Inc.

October 5, 1998

Case No. (Chancery) 17344

BY JUDGE JONATHAN C. THACHER

This case is before the Court on Complainant's Bill of Complaint for Declaratory and Injunctive Relief and both parties' Motion for Summary Judgment. The Court has considered the written and oral arguments of counsel and the relevant authorities. For the reasons set forth in this opinion letter, Complainant's Motion for Summary Judgment is granted.

## I. *Facts and Procedural History*

The Sully Station II Community Association (the "Association") is a subdivision located in Centreville, Fairfax County, subject to the Sully Station II Declaration of Covenants, Conditions, and Restrictions ("Declaration") and the Townhouse Supplementary Declaration of Covenants and Restrictions ("Supplementary Declaration"). The Association is a Virginia non-stock corporation that is subject to the Virginia Property Owners Association Act ("Act"). The Association is guided by a Board of Trustees (the "Board"). Complainants are all owners of garage townhouses within Section 8 of the Association and are subject to the Declaration, the Supplementary Declaration, and other governing documents of the Association.

All seventy-seven of the homes in Section 8 are townhouses. Thirty-eight of the townhouses have garages with driveways, and thirty-nine do not have

garages or driveways. Section 8 has ninety-four Common Area parking spaces located on Association-owned property, which are also subject to the governing documents.

On or about July 2, 1997, the Board promulgated a new parking policy for Section 8 of the Association which assigned two parking spaces on the Common Area to every non-garage townhouse. Garage townhouses were assigned no parking spaces in the Common Area. The remaining sixteen parking spaces were allotted for overflow and/or visitor parking on a first-come, first-served basis. The previous parking policy did not designate any assigned spaces to any owner in the Common Area parking lot.

On September 8, 1997, the Complainants filed their Bill of Complaint for Declaratory and Injunctive Relief, asking this Court to declare that Complainants have the right to use the Common Area for parking on the basis of equality with other homeowners and to enjoin the Association from implementing and enforcing the parking policy. The parties have stipulated that this cause represents an actual controversy that is ripe for adjudication on the issue of whether the subject parking policy, as enacted by the Association, is violative of the governing documents of the Association and is therefore invalid and unenforceable.

## II. *Analysis*

The Complainants argue that, whether or not there is a parking problem, the Association must comply with the Declaration and other governing documents when adopting any parking policy for the Common Area. The Association, on the other hand, argues that all it must do is act reasonably within its broad powers when establishing such parking regulation. Both are correct, but the initial inquiry must be whether the Association acted within the scope of its authority under the Declaration and other governing documents. Reasonableness does not become an issue until it is determined that the Association did not violate the Declaration. *See, Cornwell v. Main Street Village Assn.*, 42 Va. Cir. 48, 51 (Loudoun County 1997).

### A. *The Association May Not Violate the Declaration*

The Association in question is charged with the task of administering and enforcing the Declaration and Supplementary Declaration. Declaration, p. 2, Paragraph 2. The Declaration is in the nature of a contract between the Association and the Owners. *Unit Owners Assn. v. Gillman*, 223 Va. 752, 766 (1982) (the power exercised by the association is contractual in nature and is

the creature of the governing documents to which all unit owners subjected themselves in purchasing their units). Where the terms of restrictive covenants such as these are clear and unambiguous, the duty of the court is to interpret them in accordance with their plain meaning. *Bowman v. Wintergreen Property Assn.*, 250 Va. 177, 180 (1993); *Floods First, Inc. v. Gables Associates*, 244 Va. 180, 182 (1992). Moreover, as with any corporation, the Association may not act in contravention of its governing documents. If it does so, such an act is *ultra vires* and without effect, and a court may review and enjoin such act. *See, Gottlieb v. Economy Stores*, 199 Va. 848, 857 (1958); *Cornwell v. Main Street Village Assn.*, 42 Va. Cir. 48, 52 (Loudoun County 1997); *See also* Va. Code § 13.1-828(B).

## B. *The Association's Parking Policy Violates the Declaration*

The Association's Declaration grants "every Owner" a "right and easement of enjoyment in and to the Common Area which shall be appurtenant to and shall pass with the title to every Lot, and every Member shall have a right of enjoyment to the Common Area." Declaration, p. 17, Article IV, Paragraph 2(a). In Stipulation No. 19, the parties agree that the parking area for Section 8 of the Association is a "Common Area." The Declaration defines "Common Area" as "all real property and all interests therein (including easements) and all improvements thereon owned or leased by the Association for the use and enjoyment of the Members." Declaration, p. 3, Article I, Section 5.

The Owner's easements in and to the Common Area are subject only to the exceptions set forth in the Declaration. Declaration, pp. 18-20, Article IV, Section 3(a)-(g). Subsections (e) and (f) of the Extent of Member's Easement [in the Common Area] are the dispositive subsections in this case. Subsection (e) states: "The right of the Association to license portions of the Common Area to Members *on a uniform, non-preferential basis*" (emphasis added). Declaration, p. 19, Article IV, Section 3(e). Subsection (f) states: "The right of the Association to establish rules and regulations to regulate the use of the Common Area *for the benefit of Members*" (emphasis added). Declaration, p. 19, Article IV, Section 3(f).

The Association's parking policy completely denies an owner with a driveway and garage the right to park on the Common Area. This right is granted to the non-garage owners. The Declaration, however, provides that "every Member shall have a right of enjoyment of the Common Area." A garage owner, like the Complainants, pay the same monthly assessments for the maintenance and improvement of the Common Areas as a non-garage

owner, but the garage owner does not get the same benefit as to parking in the Common Area as the non-garage owner. As such, the parking policy which denies a garage owner access to park in the Common Area parking lot is not only a denial of the garage owner's right to use the Common Area for parking, but also is not uniform as required by the Declaration.

It should be noted at this point that the Circuit Court in neighboring Loudoun County heard three recent cases with substantially similar facts. In each case, the Association granted two common area parking spaces to non-garage owners and none to garage owners. The Court, in each case, declared such policy in contravention of the Declaration and invalid as denying the garage owners the right to use the Common Area for parking on the same uniform basis as the other lot owners. *See, Martin v. Ashburn Farm Assn.*, 45 Va. Cir. 124 (Loudoun 1998); *Pugh v. Ashburn Farm Assn.*, 45 Va. Cir. 124 (Loudoun 1998); *Cornwell v. Main Street Village Assn.*, 42 Va. Cir. 48 (Loudoun 1997).

Moreover, the parties agree in Stipulation No. 19 that Section 8 and the subject parking lot is a "Cluster Common Area" as well as a "Common Area." The Declaration provides that a Cluster Common Area is "for the *primary* use and enjoyment of Members residing in such Cluster." Declaration, p. 6, Article I, Section 19 (emphasis added). Under the Association's parking policy, the Cluster Common Area is no longer for the "primary use and enjoyment" of garage townhouse owners. As Complainants argue, the parking policy relegates these owners to a status beneath owners of townhouses without garages.

Furthermore, Article IV of the Supplemental Declaration specifically states that "The Association shall promulgate such rules and regulations as needed to regulate the use of any parking areas that may be constructed or authorized on Cluster Common Area *for the benefit of all Owners,* which rules and regulations may include assignment of parking spaces" (emphasis added). Supplemental Declaration, p. 5, Article IV. Under the Association's parking policy, there is no benefit to garage townhouse owners excluded from use of the common area.

C. *The Association's Parking Policy is a License, Not Rule-making*

However well-intentioned or reasonable the Association may have been in adopting the parking policy, the allocation of parking spaces only to owners of non-garage townhouses is essentially a licensing not on a uniform basis. A license is "an act in the nature of a special privilege, entitling the licensee to do something that he normally would not be entitled to do without the license."

51 Am. Jur. 2d, *Licenses and Permits*, § 1, p. 7; *see also* 12A M.J., *Licenses*, § 2, p. 162. The Association's parking policy grants all non-garage owners a special privilege, i.e., the exclusive right to two specific parking spaces on the Common Area; clearly, no owner was entitled to this privilege before the implementation of the policy. The Association, therefore, has licensed portions of the Common Area to non-garage owners only and has excluded garage owners from portions of the Common Area. As Complainants correctly argue, such a policy cannot be considered "uniform" or "non-preferential" as required by the Declaration in Article IV, Section 3(e).

Respondent's argument that the Association's parking policy is not a license is without merit. In its briefs, the Association argues that the parking policy is a "rule" or "regulation" (not a license) and as such does not need to meet the "uniformity" requirement of Article IV, Section 3(e) of the Declaration. Regardless of what the Association chooses to call its parking policy, however, the policy still entitles non-garage owners to do something that they would not be entitled to do without a license. As such, the Association's parking policy is a license and violates the Declaration.

The Association concedes that "if the policy at issue represents the licensing of a portion of the Common Area, the parking policy would violate the Declaration, whether it is reasonable or unreasonable under *Gillman*." *See* Respondent's "Memorandum of Points and Authorities in Support of Respondent's Motion for Partial Summary Judgment," p. 12, Paragraph 2.

### III. *Conclusion*

For the reasons discussed above, the parking policy is declared invalid and unenforceable because it denies the Complainants the right to use the Common Area for parking on the same uniform basis as the other lot owners. Therefore, the Complainants' Motion for Summary Judgment is granted and the Respondent's Motion for Summary Judgment is denied.