## CIRCUIT COURT OF FAIRFAX COUNTY

Catherine Berry

v.

Robert Martens

March 7, 2002

Case No. (Law) 192711

BY JUDGE R. TERRENCE NEY

This matter came before the Court on February 15, 2002, on Plaintiff Catherine Berry's Motion for Summary Judgment against Defendant Robert Martens.

This breach of contract action on a note arises out of the Defendant's failure to repay a loan to the Plaintiff in the amount of $40,000 plus interest at the rate of 66.6% *per annum*. In July of 1998, the Defendant approached the Plaintiff and requested that she lend him $40,000. In order to induce the Plaintiff to give the Defendant an unsecured loan, the Defendant offered to pay the Plaintiff the principal balance plus interest at an annual rate of 66.6%. The Plaintiff agreed to the terms proposed by the Defendant, and it was reduced to writing. The Defendant defaulted on the note. After several failed attempts to collect on the loan, the Plaintiff filed this action.

The Plaintiff alleged in her Motion for Summary Judgment that the Defendant on two separate occasions subsequent to the initial loan contract renegotiated the original debt in order to extend the time for payment. The interest rate was not changed on either occasion. Given the Court's decision herein, it is not necessary to address the issue of novation.

The Defendant filed an Answer to the Plaintiff's Motion for Judgment in which he contended that the terms of the note were usurious. Va. Code Ann. § 6.1-330.55 states that "except as otherwise permitted by law, no contract

shall be made for the payment of interest on a loan greater than twelve percent per year."

The Plaintiff served the Defendant with discovery requests and Request for Admissions. The Defendant failed to respond to either, and an Order was entered compelling discovery.

The Defendant has still failed to file any responses to Plaintiff's Request for Admissions. Because the unanswered Request for Admissions are deemed admitted, the Plaintiff now moves for Summary Judgment. Rule 4:11, Rules of the Supreme Court of Virginia.

In her Motion for Summary Judgment, the Plaintiff argues that the Defendant is estopped from asserting the defense of usury because it was the Defendant who proposed the 66.6% interest rate on the loan. The Plaintiff also argues that the defense of usury is not applicable because the loan funds were used for business purposes.

Va. Code Ann. § 6.1-330.55 provides that a loan in which the interest rate exceeds twelve percent per year shall not be enforceable. If the defense of usury is not permitted, then interest and other charges may be imposed and collected as agreed to by the parties. Va. Code Ann. § 6.1-330.55 states "in the case of any loan upon which a person is not permitted to plead usury, interest and other charges may be imposed and collected as agreed by the parties." In short, although usury is a permissible defense, it is not applicable in all circumstances.

The defense of usury is not available to a borrower who proposes the interest rate. "In most of the jurisdictions wherein the question has arisen the courts have taken the view that the borrower's initiation of . . . a usurious transaction estops the borrower from setting up the defense of usury." *Heubusch v. Boone*, 213 Va. 414, 421, 192 S.E.2d 783, 789 (1972). The Supreme Court, in following the majority of jurisdictions, reasoned that if a borrower were permitted to assert the defense of usury in such a situation, then the borrower would be able to take advantage of his own wrongdoing. Although the Court noted that public policy proscribes usury, the Court stated that:

> instances may arise in which the borrower by his conduct or representations induces the lender to enter into a usurious agreement that he would not otherwise have made. The circumstances may be such that to permit the borrower to assert the defense of usury would work a fraud upon the lender, and make the court a party to the fraud.

213 Va. at 421, 192 S.E.2d at 789 (1972). Here, the Defendant has admitted by his failure to respond to Plaintiff's Request for Admissions, and in open

court,[1] that he had proposed the 66.6% interest rate for the loan. As a result, the defense of usury is not available to him.

Additionally, the defense of usury is not applicable to business loans. Under Va. Code Ann. § 6.1-330.75, an individual may not assert the defense of usury in connection with a loan made for business purposes, provided the initial amount of the loan is $5,000 or more. Again, by his failure to respond, the Defendant is deemed to have admitted to Plaintiff's Request for Admissions that proceeds from the loan were used for business purposes. In open court, the Defendant also responded that at least some of the money was used for business purposes. It is uncontested that the loan here was for more than $5,000 and was at least partially used for business purposes. The defense of usury should not be available to Defendant for this reason as well.

In summary, the Court finds that the Defendant is estopped from asserting the defense of usury. As a result, the Court finds that the Defendant is liable for payment of the note according to its terms.

The Plaintiff contends that the interest on the loan should be compounded annually so that at the end of each year, the total unpaid balance, which includes the principal and the accrued interest, becomes the new balance on which interest applies. The Plaintiff contends that the language of the promissory note can reasonably be interpreted to mean as such. The language in the promissory note states that the 66.6% interest rate applies "*per annum* on the unpaid balance." The damages as calculated by the Plaintiff are $149,998.89.[2] The Defendant contends that interest should not be compounded.

The language of the promissory note is clear that interest is applied to "the unpaid balance." The language is not ambiguous. The Supreme Court of Virginia has explicitly held that "where the terms of an agreement are clean and unambiguous, it is the duty of the court to construe them as written. The language employed by the parties will be interpreted in accordance with its plain meaning." *Foods First, Inc. v. Gables Assocs.*, 244 Va. 180, 182, 418 S.E.2d 888, 889 (1992). The unpaid balance on a note, unless otherwise

---

[1] The Defendant appeared personally at the argument to the motion. Upon questioning by the Court, the Defendant admitted that he had approached the Plaintiff to obtain a loan and that he had proposed the 66.6% interest rate.

[2] Pursuant to the Court's request, the Plaintiff also calculated damages without compounding interest annually, as the Defendant contends they should be so calculated, and determined the amount due on the note to be $111,090.25. The Defendant calculates the amount still on the loan uncompounded to be $112,227.69. As to all calculations, the Plaintiff requests attorney's fees in the amount of $22,204.75.

318

provided, includes both the unpaid principle and unpaid interest. This result is buttressed by the two novations made by the Defendant in an effort to extend the note. Both of the extensions provided for the payment of compound interest. Therefore, the Defendant shall pay damages in the amount of $149,998.89 plus attorney's fees in the amount of $15,000.00. The note provides that the Defendant will be responsible for "reasonable attorney's fees" that arise out of a cause of action that stems from this note. The Plaintiff submitted an affidavit of attorney's fees showing fees in the amount of $22,204.75. The Court deems $15,000.00 in attorney's fees to be reasonable under the terms of the note.