# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Gerald J. Breckner et al.

v.

Ralph R. Hallen et al.

February 23, 1995

Case No. C92-195

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the plaintiffs can suffer a nonsuit in this chancery case after the commissioner has taken the evidence and filed his report.

### Nature of the Case

This is a suit for rescission of a land sale based on mutual mistake. It was instituted by the Breckners in March of 1992. The Hallens demurred. After a hearing, the court overruled the demurrer for the reasons explained in an opinion letter dated July 27, 1992. The Hallens then filed an answer denying the basic allegations.

After a period of discovery, the case was referred to a commissioner in chancery. The commissioner conducted an evidentiary hearing on May 20, 1993. The evidence was not transcribed because, apparently, the court reporter was not paid the cost of transcription. Consequently, the commissioner could not file his report. Eventually, counsel met with the commissioner to "informally discuss" the case and to suggest that the commissioner give them the benefit of his "thinking with respect to the evidence and its application to the law."

As a result of that meeting, the commissioner wrote a letter to counsel on March 11, 1994, in which he opined that the evidence did not support the Breckners' claim and that the Breckner-to-Hallen deed should not be

rescinded. He explained the basis of his opinion in that letter, a copy of which has found its way into the court file.

No further action was taken in the case until December 22, 1994, when the Breckners filed a motion for nonsuit. The Hallens filed a motion in opposition to a nonsuit and requested sanctions.

*Nonsuit*

Nonsuits are governed by Virginia Code § 8.01-380. Ordinarily, a plaintiff may suffer a nonsuit as to any cause of action or claim if he does so before a motion to strike is sustained or before the jury retires to deliberate on its verdict or before the case has been submitted to the court for decision. (There are some exceptions, but the parties concede that they do not apply. No counterclaim, cross-claim or third-party claim has been filed. The plaintiffs have not suffered a nonsuit previously.)

The gist of the statute is to bestow upon a plaintiff an absolute right to one nonsuit. The election is his, within the limitations imposed by the statute, and neither the court nor opposing counsel can prevent him from doing so. *Nash v. Jewell*, 227 Va. 230 (1984).

At common law, a plaintiff could terminate litigation by nonsuit as many times as he wished as long as he did so before the case was submitted for decision on the merits. The statute improves upon that practice by restricting a plaintiff to one nonsuit as a matter of right. Further, it spells out the time by which a nonsuit must be suffered and it imposes a few other limitations not pertinent here. (A related statute provides a six-month grace period for instituting a new suit if the statute of limitations otherwise would have run while the nonsuited action was pending. At common law, the period of limitations was not tolled by the institution of an action that was later nonsuited.)

In this case, there has been no motion to strike, and the case did not involve a jury trial. Thus, the plaintiff has an absolute right to suffer one nonsuit "before the action has been submitted to the court for decision." Has this case been "submitted to the court for decision"?

The commissioner's letter to counsel of March 11, 1994, on its face is only an "informal discussion" to give the parties the benefit of his "thinking" before the evidence was transcribed and a final report could be prepared. This rather unorthodox approach was by agreement of counsel and the commissioner and clearly does not constitute a submission of the case to the court.

Even assuming that the commissioner's letter of March 11, 1994, was his report to the court, the mere filing by the commissioner of his report, without more, does not amount to a submission of the case to the court for decision. *Moore v. Moore*, 218 Va. 790 (1978). Under Virginia chancery practice, a "submission" means that both parties yield the issues to the court for consideration and decision on the merits. This is accomplished as the result of oral or written agreement, formal notice and motion, or by tendering an endorsed sketch decree. See *Moore, supra.*

Therefore, no matter how one characterizes the commissioner's letter of March 11, 1994, it is not equivalent to a "submission" of the case to the court for decision.

Thereafter, neither party took any action to see that the case was submitted. In fact, it seems that the case was in such a posture that neither party could have submitted the case for decision even if they had wanted to do so because they did not cause a transcription of the evidence to be prepared so that the commissioner could finish his work.

For these reasons, the plaintiffs may suffer a nonsuit.

### Sanctions

Section 8.01-380(B) permits the court to assess costs and attorney's fees against the nonsuiting party when the court allows *additional nonsuits*. As noted above, the statute bestows upon a plaintiff an absolute right to one nonsuit. Therefore, the defendants cannot recover their costs and attorney's fees under § 8.01-380 in this instance.

Sanctions, which include costs and attorney's fees, also may be awarded under circumstances described in § 8.01-271.1. That statute deals with pleadings, motions, and papers filed that are unwarranted or that make specious claims or assertions and are interposed for improper purpose. If, as we have seen, the plaintiffs have an absolute statutory right to suffer a nonsuit in this case, it follows that they cannot be held to answer for sanctions under § 8.01-271.1.

### Conclusion

This case typifies the hardships that Virginia's nonsuit statute can cause defendants under certain circumstances. Here, the Hallens, out-of-state residents, have retained counsel and contested the Breckners' claim in litigation for almost three years. They have attended an evidentiary hearing and have taken other actions with a reasonable expectation that the controversy would be resolved, for or against them, in this suit. Now their

expectations are thwarted because the plaintiffs, after considerable delay, have decided to cease prosecution of their claim. Using the nonsuit statute, they are entitled to do so with the possibility that they might rekindle the controversy by new litigation another day. Nevertheless, the General Assembly has decided that the nonsuit statute fairly balances the litigants' interests in the greater number of cases, and this court is without authority to make equitable exceptions or adjustments.

Accordingly, the motion for nonsuit will be granted, and the defendants' motion for sanctions will be denied.