COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


DONALD R. GODFREY

                                    MEMORANDUM OPINION* BY
v.    Record No. 1950-00-1          JUDGE JAMES W. BENTON, JR.
                                          APRIL 10, 2001
CITY OF PORTSMOUTH FIRE DEPARTMENT


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Michael A. Kernbach (Jack T. Burgess &
            Associates, P.C., on brief), for appellant.

            William C. Walker (Taylor & Walker, P.C., on
            brief), for appellee.


      Donald R. Godfrey contends that the Workers' Compensation

Commission erred in ruling that his employer, the City of

Portsmouth Fire Department, produced a preponderance of evidence

to rebut the presumption that his heart disease was an

occupational disease.  See Code § 65.2-402(B).  We agree, and we

reverse and remand this matter to the commission.

                                I.

      At the time of the evidentiary hearing, Donald R. Godfrey

was fifty-six years old and had worked for the City of

Portsmouth Fire Department for thirty-five years.  Godfrey's

initial employment physical examination did not indicate signs

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

of heart disease and revealed his blood pressure was in normal range.  As a firefighter, Godfrey later trained to be an emergency medical technician.  In his job, he was often aroused from sleep to respond to fires, emergency medical calls, domestic disturbances, shootings, stabbings, automobile accidents, and various other emergency events.  Godfrey's testimony contains descriptions of emergencies involving tragic deaths of children, other "terrible things [he has seen] in [his] career," and his general job duties.  During the years he has been employed as a firefighter, Godfrey has developed hypertension and high cholesterol.

In 1997, Godfrey complained of chest pains and was referred to a cardiologist.  Dr. Edward O. Lynch performed a diagnostic catherization and diagnosed "single vessel disease with high grade obstruction of the proximal LAD and first diagnal artery." Dr. Lynch later reported that Godfrey has "known two-vessel coronary artery disease" and continued as follows:

> Mr. Godfrey's underlying ischemic coronary artery disease is related to his gender, being an adult male, and his history of elevated cholesterol and hypertension. There has never been shown any direct relationship showing stressful jobs, such as fire fighting, police work, or commercial airline piloting, to be a causation for underlying ischemic heart disease.  Mr. Godfrey certainly could have been a painter, a postman, or any other occupation, and could have potentially still developed underlying ischemic heart disease because of his risk factors.

-

Godfrey was also treated by another cardiologist,

Dr. William E. Callaghan.  His reports include the following:

> Clearly stress plays some role in control of
> hypertension.  Patients with more stressful
> environments are likely to have poorly
> controlled hypertension. . . . [T]here are
> numerous articles which attempt to link the
> level of stress with development of coronary
> disease.  To the best of my knowledge, there
> is no definitive study that supports the
> conclusion, although it is in the great
> likelihood because of difficulties in
> measuring stress in an objective fashion.
> . . . I do believe hypertension has played
> some role in this gentleman's coronary
> artery disease. . . . [H]is cholesterol has
> also played a role in his development of
> coronary artery disease.  His last total
> cholesterol was 204 with an LDL of 125 both
> of which are quite elevated, but improved on
> medication therapy.

Dr. Callaghan later confirmed his views.

> I, . . . told Mr. Godfrey that I do feel
> that stress plays a role in the development
> of coronary artery disease.  He has
> described today and in the past on a couple
> of occasions, the significant stress that he
> experienced during his employment as a fire
> fighter.  Although it is difficult to gauge,
> I have told him that I do believe that
> stress has played a role in his development
> of coronary disease.

Dr. Lynch reviewed Dr. Callaghan's first report and

expressed his disagreement in a letter, which included a report

issued by two medical associations.  In pertinent part, he

reported as follows:

> For your interest, I have enclosed in this
> letter those risk factors which are thought
> to be prevalent as a contributing factor
> toward the development of ischemic heart

-

disease.  They include category 1 risk factors, category 2, 3, and 4 with their contributions being less significant in the lower groups.  First let me say that Mr. Godfrey's underlying ischemic heart disease is secondary to elevated cholesterol, hypertension, and his male gender.  No where on the list of risk factors that was convened and established by this conference and is now used as a standard of care in the practice of cardiology is listed stress and nowhere is mentioned specifically job stress.  There is under category 3, psychosocial factors.  I have enclosed for you the excerpt from this publication that outlines those psychosocial factors.  Again, these factors are not related to a specific job stress, but to an individual and are usually related to type A personalities, patients with depression or hostile personalities who are suspected to possibly have aggravating risk for the development of coronary artery disease.  In regards to Dr. Callaghan letters, I do agree with him and in fact will further mention as he says that there is no definitive study that supports the conclusion that there is any relationship between job stress and coronary disease.  I will frankly tell you that this has been studied and there has never been found to be any increased incidents of coronary disease among any specific jobs such as fireman, policeman, attorneys, painters, candlestick makers, or butchers.  As he mentions, it would be very difficult to interpret each individuals level of stress.  What may be very stressful to one person would be inconsequential possibly to another.

In summary, Dr. Callaghan is correct stating that Mr. Godfrey's coronary disease is secondary to hypertensive vascular disease, hyperlipidemia, and his male gender.  There is no evidence presently or literature to support any job stress related incidents as a risk factor for coronary disease.

-

II.

The commission reviewed the evidence and made the following findings:

> Based on the evidence presented in this case, we find that the employer has rebutted the presumption and proven that job-related stress was not a cause of [Godfrey's] heart disease. Dr. Lynch clearly did not believe that stress resulting from [Godfrey's] job as a firefighter was a cause of his heart disease. Although Dr. Callaghan did relate job stress to [Godfrey's] heart disease, he acknowledged that this was not supported by studies. Considering the fact that Dr. Lynch was a treating physician and Dr. Callaghan's candid acknowledgement that his view was not supported by definitive studies, we find Dr. Lynch's opinion the more persuasive. As such, the employer has shown by a preponderance of the evidence that [Godfrey's] heart disease was not caused by his employment. The employer has also established the second prong of the test in showing that there was a non-work-related cause of the disease. Dr. Lynch unequivocally stated that the proximate causes of [Godfrey's] condition was [Godfrey's] gender and a history of elevated cholesterol and hypertension. Dr. Callaghan agreed that [Godfrey's] hypertension and cholesterol have played a role in his condition. In the absence of any clear statement from Dr. Callaghan that [Godfrey's] job as a firefighter caused or contributed to his heart disease, we find there is evidence of a non-work-related cause of the disease. We therefore find that the employer has rebutted the statutory presumption of [Code] § 65.2-402.

III.

In pertinent part, Code § 65.2-402 provides as follows:

> B. Hypertension or heart disease causing the death of, or any health condition or

-

impairment resulting in total or partial disability of (i) salaried or volunteer firefighters . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

\* \* \* \* \* \* \*

D.  The presumptions described in . . . this section shall only apply if persons entitled to invoke them have, if requested by the . . . governing body employing them, undergone preemployment physical examinations that (i) were conducted prior to the making of any claims under this title that rely on such presumptions, (ii) were performed by physicians whose qualifications are as prescribed by the . . . governing body employing such persons, (iii) included such appropriate laboratory and other diagnostic studies as the . . . governing bodies may have prescribed, and (iv) found such persons free of respiratory diseases, hypertension, cancer or heart disease at the time of such examinations.

The principle is now well established that "[t]o overcome the presumption the employer must show, by a preponderance of the evidence, <u>both</u> that (1) the claimant's disease was not caused by his employment, <u>and</u> (2) there was a non-work-related cause of the disease."  <u>Bass v. City of Richmond</u>, 258 Va. 103, 114, 515 S.E.2d 557, 562-63 (1999) (emphasis added).

Twenty years ago the Supreme Court ruled that when the legislature enacted the statutory presumption that covers employees such as firefighters, "[t]he legislature knew that the causes of . . . cardiac diseases are unknown and that the

-

medical community is split regarding the impact of stress and work environment on these diseases." Fairfax County Fire and Rescue Ser. v. Newman, 222 Va. 535, 540, 281 S.E.2d 897, 900 (1981). Applying that rationale, we recently held as follows:

> By enacting the statutory presumption, the General Assembly resolved the split in medical opinions in favor of the employee and adopted the presumption that the stress of working as a law enforcement officer causes or contributes to the development of heart disease. Testimony which merely refutes the premise of such a legislatively enacted presumption does not constitute proper evidence in rebuttal. Where the General Assembly has concluded that there is a causal link between stress and heart disease, it is not for the commission or the courts to reconsider the issue, for to do so would defeat the intentions of the legislature. It thus follows that, "[i]t is impermissible for the [commission] to accept the opinion of a physician so disposed as the basis for disallowing a claim." . . . We, accordingly, hold that evidence that merely rebuts generally the underlying premise of the statute, which establishes a causal link between stress and heart disease, is not probative evidence for purposes of overcoming the presumption.

Medlin v. County of Henrico Police, 34 Va. App. 396, 406-07, 542 S.E.2d 33, 38-39 (2001) (citations omitted).

As an employee of the City of Portsmouth Fire Department, Godfrey was within the category of employees covered by the statutory presumption. Furthermore, the evidence proved Godfrey was eligible to invoke the benefit of the presumption because his initial employment physical examination showed him to be free of heart disease and hypertension.

-

In finding that the employer rebutted the first prong of the presumption, the commission found to be more persuasive Dr. Lynch's opinion because it was based in substantial part upon studies which establish that no relationship has been shown between the stress of being a firefighter and underlying heart disease.  That evidence, however, does nothing more than attack the underlying rationale of the statute, which establishes the presumptive link between Godfrey's employment and his disease. The studies cited by Dr. Lynch, which were the basis upon which the commission found Dr. Lynch's opinion to be more persuasive, are not probative of the issue that the employer must necessarily prove, i.e., that the heart disease was not caused by employment.  Id. at 407, 542 S.E.2d at 38-39.  When we disregard this evidence, we cannot conclude that the employer has rebutted the presumption.

For these reasons, we reverse the commission's decision and remand for rehearing.

Reversed and remanded.

-