Present:  All the Justices

CHRISTIAN S. HUTTER, ET AL.
                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 952047          September 13, 1996

JOHN E. HEILMANN, ET AL.

                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                          J. Michael Gamble, Judge


     In this appeal, we consider whether an indemnification agreement that the defendants had given to stockholders in return for their guarantees of a corporate debt survived the later conveyance by the stockholders of their corporate stock.

     Christian S. Hutter, Beverly S. Hutter, Jr. (collectively referred to as the plaintiffs), and Norwood Enterprises, Inc., owned all the stock in Virginia Wood Window Company, Inc., which owned Bailey-Spencer Hardware Company, Inc.  John E. Heilmann, the sole stockholder of Norwood Enterprises, was also the president and chief executive officer of Bailey-Spencer Hardware Company.  In 1989, the Bailey-Spencer Hardware Company borrowed $253,000 from Crestar Bank, and the plaintiffs personally guaranteed this loan.

     Initially, each of the plaintiffs and Norwood Enterprises "were equal one-third owners" of Virginia Wood Window Company; each owned 500 shares of common stock.  In May 1990, plaintiffs, Heilmann, and Norwood Enterprises executed a "Buy-Sell Agreement" for the common stock of Virginia Wood Window Company.  The Agreement provided that Virginia Wood Window Company would borrow $745,000 from Central Fidelity Bank, which required Heilmann to pledge certain of his real estate interests as collateral.

Christian Hutter agreed to transfer certain of his stock shares to Norwood Enterprises so that it would then own a majority interest in Virginia Wood Window Company.

The Agreement contained a "put option" which gave the plaintiffs the right to require Norwood Enterprises to purchase their shares of stock in Virginia Wood Window Company for a price of 85% of the book value of Virginia Wood Window Company's stock. The plaintiffs later exercised their "put options," transferred all their remaining Virginia Wood Window stock to Norwood Enterprises, and terminated their relationship with both companies.

Subsequently, Bailey-Spencer Hardware Company failed to pay Crestar Bank the amount outstanding on its loan. The plaintiffs paid Crestar Bank $120,000 to release them from any further liability to the bank on their personal guaranties. Plaintiffs filed their motion for judgment against Norwood Enterprises and John Heilmann, seeking indemnification under Article 5 of the Agreement.

Defendants filed numerous pleadings, including a motion for summary judgment. They asserted that, as a matter of law, the plaintiffs lost any rights of indemnification when they conveyed their stock in Virginia Wood Window Company. Plaintiffs also filed a motion for summary judgment, asserting that they are entitled to indemnification as a matter of law. The trial court held that under the terms of the Agreement, the plaintiffs lost their rights to indemnification when they conveyed their stock and accordingly entered judgment in favor of the defendants. We

awarded the plaintiffs an appeal.

The following provisions in the Agreement are pertinent to our resolution of this appeal. Article 5 of the Agreement states:

> "5.01. Indemnification. As to all debts or obligations of the Corporation or its subsidiaries (specifically including the Subsidiary Corporation) for which Shareholders or guarantors are personally liable, Shareholders and Heilmann agree to indemnify and hold harmless each other in the same ratio and proportion as their stock ownership (as it may exist from time to time). For the purposes of this Article alone, Heilmann shall be considered synonymous with Norwood."

Article 13 of the Agreement states in relevant part:

> "13.01. <u>Termination of Agreement</u>. Except for the provisions of Article 5 hereof, which shall survive the termination of this Agreement, this Agreement shall terminate upon the occurrence of any of the following events:
>
> . . . .
>
> (c) Death or dissolution of all the parties to this Agreement;
>
> (d) The voluntary agreement of Shareholders who are then bound by the terms hereof and who own one hundred percent (100%) of the outstanding capital stock of the Corporation;
>
> . . . .
>
> 13.02. <u>Termination of Shareholder's Obligation and Rights</u>. Following the sale by a Shareholder of all of his shares of stock, or upon the Shareholder's death or dissolution, the Shareholder shall have no further rights or obligations under this Agreement to purchase additional shares or to guarantee the obligations of others hereunder, but shall have only the right and obligation to sell and to receive payment of the purchase price for any shares owned by him in the manner provided hereby."

The plaintiffs contend that the plain language of the indemnification provision requires that the defendants indemnify

the plaintiffs for all debts of Virginia Wood Window Company, including the subsidiary corporation, for which they as shareholders or guarantors are personally liable. The plaintiffs say there is no dispute that they were personally liable to Crestar Bank by virtue of their status as guarantors of the loan.

The defendants argue that the trial court properly granted the motion for summary judgment. The defendants assert that the plaintiffs lost their rights of indemnity under Article 5 when they voluntarily ceased being shareholders in 1991. Moreover, the defendants contend that the indemnification provision only requires that they indemnify the shareholders in the same ratio and proportion as their stock ownership and, when the plaintiffs ceased owning stock, their "'ratio' of stock ownership was zero and their rights to indemnity under Article 5 were the same."

We disagree with the defendants. Several familiar principles govern our resolution of this dispute. First, when contract terms are clear and unambiguous, we must construe those terms according to their plain meaning. Bridgestone/Firestone v. Prince William Square, 250 Va. 402, 407, 463 S.E.2d 661, 664 (1995); Foods First, Inc. v. Gables Associates, 244 Va. 180, 182, 418 S.E.2d 888, 889 (1992). Additionally, "[t]he law will not insert by construction, for the benefit of a party, an exception or condition which the parties omitted from their contract by design or neglect." Bridgestone/Firestone, 250 Va. at 407, 463 S.E.2d at 664. Moreover, we will construe the contract as a whole, and "[n]o word or clause is to be treated as meaningless if any reasonable meaning consistent with the other parts of the

contract can be given to it."  Vega v. Chattan Associates, 246 Va. 196, 199, 435 S.E.2d 142, 143 (1993) (quoting Ames v. American Nat'l Bank, 163 Va. 1, 39, 176 S.E. 204, 216 (1934)).

Applying these principles here, we hold that the plaintiffs are entitled to indemnification as a matter of law.  The plain language of Article 5 makes clear that the defendants agreed to indemnify the plaintiffs for all debts or obligations of Virginia Wood Window Company and Bailey-Spencer Hardware Company for which the plaintiffs, as guarantors, are personally liable.  Without question, the plaintiffs were guarantors and personally liable to Crestar Bank on the loan.  Further, Article 5 requires the defendants and plaintiffs "to indemnify and hold harmless each other in the same ratio and proportion as their stock ownership."  Contrary to the defendants' contention, the plaintiffs' transfer of their stock ownership did not adversely affect their entitlement to indemnification because Article 5 provides that the obligation to make indemnification is proportionate to stock ownership, not the right to receive indemnification.  Thus, we are of the view that the defendants, who own 100% of the stock of Virginia Wood Window Company, in accordance with Article 5, are required to indemnify the plaintiffs for the entire amount of the $120,000 that the plaintiffs paid to Crestar Bank.

We find no merit in defendants' argument that the plaintiffs' rights to indemnification ceased when the plaintiffs conveyed their shares of stock.  Paragraph 14.10 of the Agreement states, "[i]t is the desire and intent of the parties hereto . . . that this Agreement be liberally construed and broadly

interpreted, consistent with its declared intents and purposes." Among those intents and purposes are the desires of the plaintiffs and defendants to indemnify each other under certain circumstances described in Article 5. Our review of the plain language contained in the indemnification provision, along with Paragraph 14.10 and other provisions in the Agreement, leads us to conclude that the plaintiffs' rights to indemnification were not forfeited merely because they chose to convey stock as provided in the "put option."

We also find no merit in defendants' contention that because Article 13.01 provides that the indemnification provision "would only survive in the event of death, dissolution, bankruptcy and/or cessation of the business of Virginia Wood Window," the indemnification provision terminated when the plaintiffs conveyed their stock. The survival clause is not implicated here because the Agreement has not been terminated according to its terms. Hence, the Agreement remains in effect and governs the rights and obligations of the parties, including the reciprocal rights and obligations of indemnification.

Accordingly, we will reverse the judgment of the trial court, and we will enter final judgment here in favor of the plaintiffs.

Reversed and final judgment.