## CIRCUIT COURT OF PAGE COUNTY

Harriet A. Castle

v.

Kenneth R. Sheets,
Ann R. Sheets,
Derek H. Goebel,
Janine S. Siebens,
Benjamin M. Butler, trustee,
John C. Hill, trustee,
and Valley Bank and Trust Co.

February 2, 2001

Case No. (Chancery) CH00-38

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before the Court on Defendants' Petition for Attorney's Fees. Plaintiff, Castle, filed a Bill of Complaint against the Defendants, on April 18, 2000, seeking specific performance of a real estate contract entered into by the Plaintiff and the Defendants, Sheets. Defendants Sheets filed a Demurrer to the Bill of Complaint, but, prior to the Court's hearing argument on the Demurrer, the Plaintiff, Castle, moved for and was granted a voluntary nonsuit pursuant to Va. Code § 8.01-380 by this Court on July 11, 2000, over Defendants Sheets' objection.

The Sheets, thereafter petitioned this Court for an award of attorney's fees against Castle based upon a contract provision of the real estate sales contract. The issue before the Court is whether the Court should award attorney's fees to the Defendants Sheets' counsel after a voluntary nonsuit by the Plaintiff based upon the provisions of a contract signed by the Plaintiff and Defendants that provides, in part, for payment of attorney's fees to a "prevailing party."

Defense Counsel contends that the Defendants Sheets are the "prevailing party" in the nonsuited case and therefore should be awarded attorney's fees

458

according to the real estate sales contract that the Plaintiff Castle and the Defendants Sheets entered into, which is entitled "Attorney's Fees" and reads as follows:

> In any action or proceeding involving a dispute between the Purchaser and the Seller arising out of this Contract, the prevailing party shall be entitled to receive from the other party reasonable attorney's fees to be determined by the court or arbitrator(s).

The issue, therefore, is whether the defendant in an action in which the claimant takes an initial nonsuit is a "prevailing party" under the contract. There is no controlling Virginia case law on the specific issue of who is the "prevailing party" within the meaning of a contract which provides relief to a "prevailing party" after one party has taken a nonsuit.

The Defendants point to decisions in other jurisdictions as persuasive authority where the courts have ruled that defendants are "prevailing parties" for purposes of awarding attorney's fees and costs following a nonsuit. *See e.g., Fraser v. ETA Assoc., Inc.,* 41 Conn. Supp. 417 (1990); *Dean Vincent, Inc. v. Krishell Laboratories, Inc.,* 271 Or. 356 (1975); *Hatch v. Dance,* 464 So. 2d 713, (1985). In each of these cases, the courts held that the defendants were the "prevailing party" following a nonsuit.

However, it is clear that an opposing party cannot be granted attorney's fees and costs against a first-time nonsuiting claimant, under Va. Code § 8.01-380 (in the absence of a contract awarding attorney's fees and costs), simply because a party exercised their statutory right of nonsuit. Under Va. Code § 8.01-380:

> Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a *matter of right*, although the court may allow additional nonsuits or counsel may stipulate to additional nonsuits. The court, in the event *additional* nonsuits are allowed, *may* assess costs and reasonable attorney's fees against the nonsuiting party.

Va. Code § 8.01-380(B) (emphasis added).

The law of Virginia provides for only one nonsuit as a matter of right and requires the consent of the court or opposing counsel to be granted an additional nonsuit. And the Court is given the discretion to assess costs and reasonable attorney's fees against the nonsuiting party who seeks and is granted an additional nonsuit. Just as it is clear that from the face of the statute

(Va. Code § 8.01-380(B)) that the Court is given absolute discretion to grant costs and attorney's fees in the event of a second nonsuit, there is an equally clear absence of any provision giving the Court discretion to grant costs and attorney's fees when a plaintiff takes a first nonsuit as a matter of right. This position is supported in *Breckner v. Hallen*, 36 Va. Cir. 791 (1995), in which the Circuit Court held that plaintiffs can suffer a nonsuit in equity after a commissioner in chancery has filed his report and before the case is submitted to the court for decision. Judge Ledbetter, in *Breckner*, considered sanctions against the nonsuiting party and stated: "the statute [Va. Code § 8.01-380(B)] bestows upon a plaintiff an absolute right to one nonsuit. Therefore, the defendants cannot recover their costs and attorney's fees under § 8.01-380 in this instance." *See Breckner v. Hallen*, 36 Va. Cir. 79, 81 (1995).

The Court now turns to the language of the real estate sales contract, specifically the language contained in paragraph twenty-three set out above. When contract terms are clear and unambiguous, the Court must construe those terms according to their plain meaning. *See Lansdowne Dev. Co. v. Xerox Realty Corp.*, 257 Va. 392, 400, 514 S.E.2d 157 (1999) (citing *Bridgestone/Firestone v. Prince William Square*, 250 Va. 402, 407, 463 S.E.2d 661, 664 (1995)). Furthermore, when considering the meaning of any part of a contract, the Court will construe the contract as a whole. *See Id.* at 400 (citing *Vega v. Chattan Assocs.*, 246 Va. 196, 199, 435 S.E.2d 142, 143 (1993). In the current edition of *Black's Law Dictionary*, "prevailing party" is defined as follows:

*Prevailing Party* — A party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>.

*Black's Law Dictionary*, p. 1145 (7th ed.).

In the current case, no judgment, final or otherwise, in favor of either party was rendered by this Court. It is clear from the plain meaning of the real estate sales contract that the parties intended that attorney's fees be awarded to the party that won a favorable final judgment covering all or a substantial portion of its contract based claim. Because there has been no final judgment, there is no "prevailing party" or "substantially prevailing party"; therefore, the Court does not have the statutory authority to award attorney's fees after a party has taken a first voluntary nonsuit. The awarding of attorney's fees to a defendant in such a case by this Court would serve as a substantial and unnecessary burden on and an abridgement of plaintiffs' closely guarded statutory right to take a first voluntary nonsuit free from sanctions. This case

*does not* present the issue of whether a party can clearly and explicitly contract to pay an opposing party's attorney's fees if it takes a voluntary nonsuit. The contractual language in this case clearly cannot be interpreted as a contractual promise to do so.

In light of the plain meaning of the real estate contract and Va. Code § 8.01-380, the Defendants' Petition for Attorney's Fees is denied.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to Mark N. Reed, Esquire, Counsel for Plaintiff; to Glen M. Hodge, Esquire, Counsel for Defendants Kenneth R. Sheets and Ann R. Sheets; to Robert S. Janney, Esquire, Counsel for Defendants Derek H. Goebel and Janine S. Siebens; to Benjamin M. Butler, Trustee and Defendant; to John C. Hill, Trustee and Defendant; and to Valley Bank and Trust Co., Noteholder and Defendant.