COURT OF APPEALS OF VIRGINIA


Present:    Judges Haley, Millette and Senior Judge Coleman


RONALD L. SUTTON

                                                          MEMORANDUM OPINION*
v.      Record No. 1964-07-2                                   PER CURIAM
                                                              APRIL 29, 2008
ALVETA G. SUTTON


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Herbert C. Gill, Jr., Judge

            (Janipher W. Robinson; Robinson and Greene, on briefs), for
            appellant.

            (John N. Clifford; Clifford & Duke, P.C., on brief), for appellee.


        Ronald L. Sutton, husband, appeals an order entered by the trial court ordering him to

deliver items and money to Alveta G. Sutton, wife, in compliance with the parties' property

settlement agreement (PSA) and prior orders of the trial court. On appeal, husband contends the

trial court erred by: (1) ordering him to pay $4,200 as an alternative to delivering a piano to

wife; (2) ordering him to pay wife $12,144 for other personal property he did not deliver to wife;

(3) ordering him to pay wife $39,924 for the college expenses of the parties' daughter;

(4) requiring him to reimburse wife for the purchase of a computer for their daughter; and

(5) ordering him to pay wife $15,539 for her attorney's fees and costs. Wife requests an award

of attorney's fees and costs incurred on appeal. Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the

decision of the trial court. See Rule 5A:27. We also remand this case to the trial court for a

determination of an award for wife's attorney's fees incurred on appeal.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The trial court entered a final decree of divorce on September 6, 2005, which affirmed, ratified, and incorporated the parties' PSA dated January 14, 2005. The PSA provided in pertinent part that wife would receive the piano, the parties would divide equally certain collectibles, and husband would pay for the daughter's college tuition and "incidental expenses" related to her obtaining a college degree. The PSA also stated that if either party defaulted in the agreement, the defaulting party shall pay the attorney's fees and costs of the non-defaulting party. Wife filed a motion to compel husband to abide by the PSA and to find him in contempt for failure to pay the daughter's college expenses.

In February 2006, the trial court entered a rule to show cause, directing husband to show cause why he should not be held in contempt for his alleged failure to comply with the PSA and the final decree. Wife alleged that husband failed to abide by the terms of the PSA in three respects: he failed to deliver to her the piano; he failed to deliver to her certain collectibles, including figurines and china; and he did not pay 100% of the daughter's college tuition, room, board, and incidental fees.

By order entered on May 30, 2006, the trial court ordered that "the piano and/or monetary proceeds from its sale and any other assets in [husband]'s possession remain intact and in his possession until final ruling in this cause." Husband objected to this order, indicating the items had already been "transferred to BFPs" (presumably meaning bona fide purchasers) and the proceeds from the sale of the items were used prior to the signing of the agreement to pay for daughter's tuition.

On March 28, 2007, the trial court heard additional evidence from the parties. Thereafter, the parties submitted briefs to the court. On July 17, 2007, the trial court entered an order finding husband in contempt of the agreement and subsequent orders of the court. The trial court ordered

husband to deliver the piano to wife or pay her $4,200 as an "alternative value." The court also ordered husband to pay wife $12,144 "on account of other personal property undelivered," $39,924 "on account of reasonable college expenses," and $15,539 for wife's legal expenses. Husband appeals the trial court's rulings.

## ANALYSIS

"The judgment of a trial court sitting in equity, when based upon an *ore tenus* hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986). "[W]e construe the evidence in the light most favorable to [mother], the prevailing party below granting to [her] evidence all reasonable inferences fairly deducible therefrom." Northcutt v. Northcutt, 39 Va. App. 192, 195, 571 S.E.2d 912, 914 (2002). "[M]arital property settlements . . . are contracts subject to the rules of construction applicable to contracts generally, including the application of the plain meaning of unambiguous contractual terms." Pysell v. Keck, 263 Va. 457, 460, 559 S.E.2d 677, 678 (2002). Therefore, when the terms of a contract are clear and unambiguous, the trial court must construe them according to their plain meaning. Bridgestone/Firestone, Inc. v. Prince William Square Assocs., 250 Va. 402, 407, 463 S.E.2d 661, 664 (1995).

### Piano

Husband contends the trial court erred by ordering him to pay wife $4,200 for the piano, asserting that because he sold the piano for $800, the court was required to use $800 as the replacement value for the piano.

Husband testified the piano was purchased in 1993, during the parties' marriage, for $2,800. He also stated he sold the piano to an acquaintance for $800 prior to signing the PSA containing his agreement to deliver the piano to wife. Husband, who acknowledged the buyer purchased the piano

for a good price, stated he attempted to buy back the piano, but the buyer would not agree to sell it. Wife testified, without objection, the replacement cost for the piano was $4,200.

First, we note that the trial court gave husband two alternatives, either deliver the parties' piano to wife or pay her $4,200. In addition:

> A trial court has broad discretion to determine the value of assets. "The trial court's valuation cannot be based on mere guesswork. The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Further, the trial court determines the weight and credibility to afford the evidence presented to it. In sum, "the value of property is an issue of fact, not law."

Hoebelheinrich v. Hoebelheinrich, 43 Va. App. 543, 556-57, 600 S.E.2d 152, 158 (2004) (citations omitted). A trial court may "choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994). Wife's evidence supported the trial court's ruling.

## Other Personal Property and the $39,924 Award

Husband contends the trial court erred by ordering him to pay wife $12,144 on account of other personal property not delivered to her, arguing that wife failed to show the items not delivered to her were in husband's possession at the time the PSA was executed and that the items she claims were not delivered were her *pro rata* share of the items in existence at the time the PSA was executed. He also argues the trial court erred by ordering him to pay wife $39,924 because wife produced no documentary evidence to support her claim for the reimbursement of costs and expenditures related to the daughter's college expenses.

Wife presented evidence consisting of lists of personal property items she did not receive pursuant to the PSA and the value of these items. The parties disagreed on whether the items that were supposed to be delivered were delivered to her.

In addition, wife presented oral testimony and introduced Exhibit 12 addressing monies she spent on the daughter's college expenses from May 2005 to March 2007. The PSA provided that husband was to pay 100% of the tuition, room and board, books, fees, and "incidental expenses" for the parties' daughter while she pursued a bachelor's degree. Husband disputed whether he was required to pay for some of wife's claimed expenditures pursuant to the PSA, and he testified he paid the daughter's school tuition with the exception of one semester's tuition.

It was within the purview of the trial court, as fact finder, to decide which evidence to accept. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citing Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986)).

The trial court was justified in rejecting husband's argument concerning the personal property since husband admitted that he signed the PSA, agreeing to deliver certain items to wife, after he had already sold some of these items. Furthermore, it was within the trial court's purview to accept wife's evidence concerning the expenditures for the daughter. The opinion letter specifically states that the trial court accepted wife's Exhibit 12 concerning wife's expenditures less the automobile expenses. Thus, credible evidence presented by wife supported the trial court's decisions.

<u>Computer</u>

Husband contends the trial court erred by requiring him to reimburse wife for the purchase of a computer for their daughter, arguing wife "had a duty" to communicate with him before making the purchase. However, the PSA contained no provision requiring the parties to communicate or agree on expenditures related to the daughter's college expenses. Rather, in the PSA, husband agreed to pay 100% of daughter's incidental college expenses. "Although parties

may advance different interpretations of the provisions in an agreement, this 'does not necessarily imply the existence of ambiguity where there otherwise is none.'" Douglas v. Hammet, 28 Va. App. 517, 523, 507 S.E.2d 98, 101 (1998) (quoting Smith v. Smith, 3 Va. App. 510, 513-14, 351 S.E.2d 593, 595 (1986)) (holding "'college expenses' includes tuition, room, board, books, fees, clothing, *allowances and incidentals*").

The parties did not specify in the PSA precisely what expenses would be considered "incidental expenses" related to daughter's college education. However, it is reasonable to conclude daughter would require a functioning computer as a journalism major. In addition, the trial court accepted wife's testimony that daughter's previous computer was no longer operational and could not be repaired. Accordingly, the trial court did not err in ordering husband to reimburse wife for the computer.

### Attorney's Fees

The trial court found husband in contempt for his failure to abide by the terms of the PSA. The PSA stipulates that a party in default of the PSA "shall pay all fees and costs of the non-defaulting party." Husband complains that no evidence supported the trial court's award because wife withdrew as an exhibit the affidavit prepared by her attorney addressing the attorney's fees and expenses. However, wife testified that her attorney's fees and costs were $15,539.69. Furthermore:

> The key to a proper award of counsel fees [is the] reasonableness under all of the circumstances. . . . Although evidence of time expended by counsel and the charges made to the client is the preferred basis upon which a trial judge can formulate a reasonable award, it is not the only basis.

McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court did not err by awarding wife, the non-defaulting party, $15,539 for attorney's fees and costs based on wife's testimony.

Wife requests an award of attorney's fees and costs incurred on appeal. In accordance with the parties' PSA, quoted above, and because this appeal lacks merit, see Miller v. Cox, 44 Va. App. 674, 688, 607 S.E.2d 126, 133 (2005), we grant wife's request for reasonable appellate attorney's fees and costs. Accordingly, we remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs. Id.

Affirmed and remanded.