# CIRCUIT COURT OF ORANGE COUNTY

Cedar Glen, L.L.C.

v.

White Oak Canyon, L.L.C.,
and Eden Ministries

December 16, 2013

Case No. CL13-82

By Judge Daniel R. Bouton

The above referenced case is before the court based on the demurrer filed by White Oak Canyon, L.L.C., and the plea in bar filed by Eden Ministries. A hearing on the disputed issues among the parties was conducted on November 7th. Subsequent to the hearing, the court reviewed the file and further studied the amended complaint, the demurrer, and the plea in bar. The court has also given consideration to the evidence that was introduced on the plea in bar. Finally, the court has reviewed the authorities that were cited by counsel in both the written and oral arguments that have been submitted. I set forth below the rulings of the court.

## I. *The Demurrer*

### A. *The Issue of an Offer As Opposed to a Contract*

The first question that must be addressed with regard to the demurrer is whether the pleadings include facts that, if proven, would establish a binding contract between the parties. If no contract was ever formed, then the parties were not obligated to close the transaction. The demurrer must then be sustained, and the complaint should be dismissed. Here,

White Oak Canyon argues that Cedar Glen made a conditional offer that was never accepted. On the other hand, Cedar Glen asserts that the parties ultimately agreed to the terms of a final contract.

To begin with, regardless of how the court ultimately labels or characterizes the written document that was signed here, both Cedar Glen and White Oak Canyon agree that the transaction commenced with a written offer that was made by Cedar Glen. The parties also concur that the document states that Cedar Glen's obligation to perform was "conditional upon the purchaser being satisfied as to the location of the corners of the property. . . ." Several questions must be addressed by the court in order to resolve this aspect of the demurrer. First, it must be determined whether this was a condition that applied to the offer that was made by Cedar Glen or whether it was a condition that was included in a contract entered into between the parties. Next, aside from whether the offer was subject to the condition or whether this was a condition precedent that was contained in the contract, the parties also disagree over whether the pleadings sufficiently allege that the condition was waived or satisfied.

Based on a careful examination of the pleadings, the court finds that the parties never entered into a binding contract. Rather, the pleaded facts demonstrate that Cedar Glen made a conditional offer to purchase the property. The principal reason for this ruling is the plain language of the document. There is nothing unclear or ambiguous about the clause in question. It explicitly connects Cedar Glen's right to be "satisfied with the location of the corners" to the offer that was being made. The condition was not identified as a term of a finalized contract. It is not described as a condition that had to be met before Cedar Glen was obligated to close the transaction. Rather, in plain and simple terms, the document states: "This *offer is subject to and conditional upon* the purchasers being satisfied as to the location of the corners. . . ." (italics added). The Supreme Court of Virginia has stressed that the "law respecting contract interpretation is well settled. When contract terms are clear and unambiguous, a court must construe them according to their plain meaning." *Bridgestone/Firestone v. Prince William Square*, 250 Va. 402, 407 (1995). Here, the plain meaning of the language is that Cedar Glen was not willing to commit itself to a binding offer that could be accepted by White Oak Canyon until it was satisfied with the location of the property corners. Therefore, until that condition was satisfied or waived, White Oak Canyon could not accept Cedar Glen's offer to enter into a contract.

As argued by Mr. Derdeyn, it should also be stressed that, by choosing this language, Cedar Glen was drawing a clear distinction between the terms of its offer and the conditions of an agreed upon contract. For the court to rule otherwise would be to ignore or to eliminate from the document the term "offer." It would allow a litigant to proceed with a case by simply pleading that what is actually an offer is somehow a contract.

Pleadings that contain such conclusory allegations are not sufficient under Virginia law. In the case before the court, there must be pleaded facts that, if proven, would establish that a binding contract was formed by the parties. While a demurrer assumes the truth of well pleaded facts, it does not admit the correctness of the pleader's conclusions of law. *Fox v. Custis*, 236 Va. 71 (1988); *Ames v. American National Bank*, 163 Va. 1 (1934). Therefore, the court concludes that the pleadings establish that what occurred here was a conditional offer made by Cedar Glen.

### B. *The Issue of Satisfaction or Waiver*

Having found that the document in question constituted an offer that was subject to the condition about the location of the corners, the court will next address the arguments that have been presented regarding satisfaction and waiver. Here, for the demurrer to be overruled, the court must find allegations in the pleadings that would prove that Cedar Glen either satisfied or waived the condition. Moreover, for the pleadings to be sufficient on this point, there must be allegations to establish that White Oak Canyon accepted the offer following such satisfaction or waiver. Only if the pleaded facts demonstrate that the offer was no longer conditional can the court find that a contract was formed.

Turning to the pleadings, there is no allegation that Cedar Glen inspected the corners in order to ascertain whether it was satisfied with their location. There is also nothing to indicate that Cedar Glen explicitly communicated to White Oak Canyon that it was satisfied with this condition. Finally, there is no allegation that, after learning that Cedar Glen was satisfied with where the corners were located, White Oak Canyon then accepted the offer so that it was no longer conditional. In short, there are no allegations to prove that the condition to which the offer was subjected was even addressed by the parties. Therefore, the court finds that the pleadings do not adequately assert that the condition about the location of the corners was satisfied.

Furthermore, the court is not persuaded that the complaint sufficiently pleads a claim for waiver of the condition. Under Virginia law, a waiver occurs when a party intentionally gives up a contractual right that would have been beneficial to him. A waiver can be based on expressly stated words or it can be implied from conduct. However, a party must have full knowledge of the right before it can be waived. *Stockbridge v. Gemini Air Cargo, Inc.*, 269 Va. 609 (2005); *Stanley's Cafeteria, Inc. v. Abramson*, 226 Va. 68 (1983). The complaint before the court does not assert that Cedar Glen had knowledge of its right to enforce the condition and that it then intentionally proceeded to relinquish this right. There is nothing in the pleadings that would establish "knowledge of the facts basic to the exercise of the right" and "intent to relinquish that right." *Virginia Polytechnic Inst. & State Univ. v. Interactive Return Serv.*, 267 Va. 642, 651-52 (2004).

As a result of the above discussion, the court concludes that Cedar Glen made an offer to White Oak Canyon that was subject to the condition that Cedar Glen be satisfied with the location of the corners of the property. The pleadings fail to establish that the condition was ever satisfied or waived. They do not allege that, following such satisfaction or waiver, the offer was accepted by White Oak Canyon. Therefore, the offer never became a legally binding contract. As a result, the demurrer should be sustained.

## C. *The Issue of the Validity of the Contract*

Notwithstanding the ruling that the complaint should be dismissed based on the discussion contained in the preceding section, the court will proceed to address the other arguments raised by the demurrer. This is important for several reasons. First, if the court's ruling that the pleadings establish nothing more than a conditional offer is incorrect, this does not mean that the demurrer must be overruled and that the case should go forward. Rather, the demurrer also states that, even if a contract was formed, the complaint must still be dismissed. The basis of this argument is that any contract would not be enforceable because of a lack of mutuality. Furthermore, if the contract lacked mutuality, the court must determine whether the pleadings allege that the condition about the location of the corners of the property was satisfied or waived. Only if the pleadings establish that the condition was waived or satisfied could the contract then be enforced. By proceeding this way, the court will resolve all aspects of the demurrer and will give full consideration to all of the arguments that have been made by Cedar Glen and White Oak Canyon.

For purposes of the analysis, the court will assume that the pleadings contain facts that would prove the existence of a contract. Nevertheless, the court finds that, even if a contract was entered into, it would not be enforceable because of a lack of mutuality. The rationale for this ruling is premised on the same issue that was central to the dispute about whether there was an offer or a contract, the condition regarding Cedar Glen's right to be satisfied with the location of the corners of the property. An extended discussion of the issue is not necessary or warranted. The court finds persuasive the arguments about mutuality that have been articulated by Mr. Derdeyn. The court adopts as part of its rationale for the ruling pages 3-4 of his Memorandum in Support of Demurrer to Amended Complaint and pages 1-3 of his Reply Memorandum in Support of Demurrer to Amended Complaint.

Finally, the court rejects the argument that the doctrine of mutuality would not affect the validity of the contract because the condition about the location of the corners was satisfied or waived. Rather, the court finds that the pleadings are not sufficient to establish the satisfaction or waiver of a contractual condition. Here, the court incorporates by reference its discussion of these issues in the preceding section of the opinion.

As previously emphasized, the pleadings contain no specific allegations about any actions or statements that specifically pertain to the corners of the property. There is nothing in the complaint about this subject that can be attributed to the parties or any of their agents. The court is not persuaded by the plaintiff's argument that some of the allegations contained in the amended complaint are sufficient to address this point. Specifically, the plaintiff maintains that the pleadings include allegations that, after the thirty-day study period called for by the contract, Cedar Glen was "satisfied with the results of those inquiries" and "satisfied with what it had learned." These somewhat vague statements, however, are not facts that would prove a claim of contractual satisfaction. They also do not establish waiver of a specific condition. They are general, conclusory statements. They do not even refer to any of the conditions contained in the document, including the one in dispute.

## II. *The Plea in Bar*

In Virginia, a plea in bar is a defensive pleading that reduces the dispute between the parties to a single issue which, if proven, creates a bar to the plaintiff's right to recover. In cases where an evidentiary hearing is conducted, the party who asserts the plea has the burden of proof on the defense being claimed. *Cooper Industries v. Melendez*, 260 Va. 578 (2000).

In the present case, Eden Ministries pleads that it is a *bona fide* purchaser for value and that it cannot be charged with notice of the transaction between Cedar Glen and White Oak Canyon. As a *bona fide* purchaser for value, without notice, Eden Ministries maintains that it can rely on the title that was conveyed to it by White Oak Canyon. As a result, in this cause of action, Cedar Glen should not be able to ask that the deed be rescinded and is entitled to no relief against Eden Ministries.

In response to the plea, Cedar Glen concedes that Eden Ministries was a *bona fide* purchaser for value. However, Cedar Glen contends that Eden Ministries was in possession of a significant amount of information regarding the transaction between Cedar Glen and White Oak Canyon. The information was sufficient to raise questions in the mind of a person of ordinary care and prudence about the risks of closing. Specifically, Eden Ministries knew enough to be required to make a further inquiry; had it done so, Eden Ministries would have discovered the additional facts that comprise Cedar Glen's claim in the present case. Thus, Eden Ministries closed the transaction at its own peril because it was chargeable with the knowledge of Cedar Glen's rights. As a result, Cedar Glen argues that the plea in bar should be denied and that it should be entitled to pursue relief against Eden Ministries in a trial on the merits.

An evidentiary hearing was conducted on the plea in bar on November 7th. The evidence consisted of the Joint Stipulations of Fact reached by the parties. It also included the *ore tenus* evidence that was

presented. Finally, a number of exhibits were also introduced at the hearing. Among them was the video that was viewed by the court.

For purposes of the court's ruling, it should first be noted that Cedar Glen concedes that Eden Ministries did not have actual notice or constructive notice of Cedar Glen's claims. Thus, the remaining issues raised by the plea in bar concern the doctrine of inquiry notice. Two questions must be addressed on this doctrine. First, based on what Eden Ministries actually knew, it must be determined whether it had a duty to take additional steps to try and learn of the transaction between Cedar Glen and White Oak Canyon. Second, if Eden Ministries was obligated to investigate further, what can it be charged with knowing? On the question of what Eden Ministries would have learned, it must be stressed that any responsibility on the part of Eden Ministries to investigate Cedar Glen's claims and rights is not open ended or unlimited. Rather, a person on inquiry notice is not legally charged with knowledge of all information that might exist; the person can only be charged with knowledge of "all the other facts which a *reasonably diligent* investigation would have ascertained. . . ." *Orphanoudakis v. Orphanoudakis*, 199 Va. 142, 147 (1957) (italic added).

Turning to the evidence that was introduced on the plea in bar, the court first finds that Eden Ministries was under no duty to conduct any further investigation in this case. Prior to closing, the only significant information that was available to Eden Ministries pertained to the other contract. However, Eden Ministries knew only of its existence; despite repeated requests, it was not able to able to obtain a copy of the contract. Yet, Eden Ministries was also aware that the closing deadline for this other contract was December 15, 2012; this date had passed when Eden Ministries was ready to close. Eden Ministries was also aware that nothing had been recorded in the clerk's office that would have alerted it to any problem with the title to the property. In this vein, Eden Ministries also had an affidavit from the seller before it closed. Included in the affidavit was a sworn statement that no other agreement or contract affected the title that was to be conveyed by White Oak Canyon. Finally, Eden Ministries knew that the seller was ready, willing, and able to deliver a general warranty deed to the property.

Under these circumstances, the court concludes that it would make little sense to require Eden Ministries to conduct any further investigation. To do so would mean that Eden Ministries could not rely on the integrity of the chain of title to the property in the clerk's office. It would render the clear title of record something to which Eden Ministries could attach little or no significance. In addition, it would mean that Eden Ministries should have rejected the affidavit provided by the seller because it knew of the other contract. Instead of relying in good faith on the information contained in the affidavit, Eden Ministries would have had to conclude that the seller was committing some sort of fraud by signing and delivering it. In the court's

view, this would be totally unreasonable. As a result, the court finds that the evidence proves that no further inquiry by Eden Ministries was necessary.

If the court has wrongly concluded that Eden Ministries had no duty to conduct any further investigation, the plea should still be sustained. Even if Eden Ministries was under a duty to investigate further, there is no evidence to establish that a reasonably diligent inquiry would have actually led to the discovery of Cedar Glen's claim. Such an investigation might have resulted in no further information. Perhaps it might have uncovered something beyond the sketchy details known to Eden Ministries. The key point, however, is that the court would have to engage in speculation and conjecture to rule that a reasonable investigation by Eden Ministries would have led to the discovery of more reliable evidence. The court finds nothing from which it could reasonably conclude that Eden Ministries would have learned of what the amended complaint refers to as "notice of Cedar Glen's claim under the contract." (paragraph 39).

In light of the above discussion, the court finds that Eden Ministries has met its burden of proof on the plea in bar. Based on what information it had acquired, Eden Ministries was under no further duty to conduct any investigation. Moreover, no reasonably inquiry would have led to the discovery of Cedar Glen's claims. Eden Ministries has proven that it was a *bona fide* purchaser for value without notice of Cedar Glen's claims. Therefore, the plea in bar will be sustained.

### III. *Conclusion*

An order will be entered that sustains the demurrer and that grants the plea in bar. Leave to file an amended complaint has already been granted. It would not serve the ends of justice to allow for the filing of a third complaint. Therefore, the case will be dismissed with prejudice.